# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | CRIMINAL ACTION 10-00241-KD-N |
| ) | |
| ANTHONY JOHNSON, ) | |
|     Defendant. ) | |

## ORDER FOR PSYCHIATRIC EXAMINATION OF DEFENDANT PURSUANT TO 18 U.S.C. § 4241

This matter is before the court on the counsel for Defendant's motion for hearing pursuant to 18 U.S.C. § 4241 wherein counsel moves the court for a determination of the Defendant's mental competency and asserts that there is reasonable cause to believe that he is not competent to be sentenced due to his discontinuation of medication. (Doc. 40).

The court also heard counsel's oral motion on April 22, 2011, prior to the scheduled sentencing hearing. Present were defendant and his counsel, Assistant Federal Public Defender Latisha Colvin, and Assistant United States Attorney Michelle O'Brien appearing on behalf of the United States.

Defendant's motion is made pursuant to pursuant to 18 U.S.C. § 4241, which provides, in relevant part, as follows:

> **(a) Motion to determine competency of defendant.**--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

1

18 U.S.C. § 4241(a).[1]

Defendant has not yet been sentenced, thus the motion pursuant to 18 U.S.C. § 4241(a) is appropriate. Therefore, upon consideration, and for reasons more fully set forth on the record, the Court finds that there is reasonable cause to believe that the Defendant may be so mentally incompetent that he cannot understand the nature and consequences of the sentencing proceedings or to assist properly in his defense at sentencing.

Accordingly, the motion for psychiatric examination to determine the Defendant's competency in regard to his sentencing proceedings (Doc. 40) is **GRANTED**. As such, it is **ORDERED** as follows:

That Defendant, **ANTHONY JOHNSON**, be transferred to a facility designated by the Bureau of Prisons, for an examination to be completed as promptly as possible, but not to exceed forty-five (45) days,[2] for a determination of the mental competency of the Defendant as to whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of his sentencing proceedings. The determination shall be made by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. §§ 4241 and 4247 for such determination. The examination period will commence once the defendant has reached the designated facility.

The United States Marshal for this District shall **SERVE** a copy of this Order on the

---

[1] See also United States v. Evans, Slip Copy, 2009 WL 1532685, *1 (11th Cir. Jun. 3, 2009) (unpublished) ("A defendant's competency 'is an ongoing inquiry; the defendant must be competent at all stages of trial,' including sentencing. For a defendant to be competent...he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding...[and] ha[ve] a rational as well as factual understanding of the proceedings against him[]'"); Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) ("the question is whether [the defendant] has the ability to understand the proceedings[]").

[2] The court may order the defendant committed for this purpose for up to thirty (30) days, with a fifteen (15) day

Defendant, and the Clerk of the Court shall provide a copy hereof to the United States Attorney and to the Defendant's attorney of record, Latisha Colvin.

The United States Attorney is **ORDERED** to forward to the designated facility a summary letter setting forth a full exposition concerning the alleged crime, together with all background information on the accused, including his history of any criminal convictions and any prior history of mental illness. Defense counsel is **ORDERED** to forward to the designated facility any pertinent information and records available concerning the Defendant's background and prior evaluation, diagnosis and treatment for any mental illness.

Within fifteen (15) days of the last date of examination, the examining physician shall submit a written report to this Court comporting with 18 U.S.C. § 4247(c), containing the examiner's findings regarding the mental competency of the Defendant in accordance with this Order. Copies of the report shall be provided to counsel for the Defendant and to the attorney for the Government.

**Accordingly, all deadlines and hearings previously set, if any, are held in abeyance pending Defendant's return to this District.**

**DONE** and **ORDERED** this the **22nd** day of **April 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

extension "upon a showing of good cause by the examiner that the additional time is necessary to observe and evaluate the defendant." 18 U.S.C. § 4247(b).